IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| ANTONIO COLLINS,  )  <br>      Petitioner,  )  <br>  )  <br> v.  )  <br>  )  <br> SHELBY SEARLS,  )  <br>      Respondent.  ) | CIVIL ACTION NO. 2:20-00669 |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 8, 2020, Petitioner, acting *pro se*, filed his letter-form Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody. (Document No. 1.) By Order entered on October 13, 2020, the undersigned noted the following: (1) Petitioner's letter-form Petition failed to meet the heightened pleading requirement; and (2) Petitioner did not file an Application to Proceed *in Forma Pauperis* or pay the required filing fee ($5.00). (Document No. 3.) Therefore, the undersigned ordered that Petitioner had until **November 11, 2020**, to (1) "either pay the $5.00 filing fee or submit the appropriate Application to Proceed *in Forma Pauperis* with the Certificate portion completed and Authorization to Release Institutional Account Information," and (2) file an Amended Petition specifically setting forth his grounds for *habeas* relief. (Id.) The Court further advised Petitioner as follows:

> Failure of the Petitioner to (1) amend his Petition, and (2) either pay the filing fee or file an Application to Proceed in *Forma Pauperis* by November 11, 2020, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.) Petitioner, however, has made no further contact with the Court or otherwise responded to the Court's Order. Accordingly, the undersigned has determined that Petitioner has failed to take any steps to prosecute this action, and therefore, Petitioner's Petition in this case should be

dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Petitioner as the Respondent has not been

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:
**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

required to make an appearance in this action. Petitioner has not complied with the Court's Order directing him to amend his Petition and either pay the requisite filing fee or file an Application to Proceed in *Forma Pauperis*. (Document No. 3.) Petitioner has made no contact with the Court since the filing of his letter-form Petition on October 8, 2020. (Document No. 1.) Petitioner, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Petitioner has a history of "deliberately proceeding in a dilatory fashion" or that the Respondents have been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be unjust in view of Petitioner's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to the Court's Order entered approximately two years and ten months ago advising Petitioner that the undersigned would recommend dismissal if Petitioner (1) failed to file an amended Petition, or (2) failed to either pay the required filing fee or file an Application to Proceed in *Forma Pauperis.* (Document No. 4.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's

letter-form Section 2254 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 21, 2023.



Omar J. Aboulhosn
United States Magistrate Judge